IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Louella Rosana-Hayes, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   14 C 9989 |
| | ) | |
| Sunrise Credit Services, Inc., a New York corporation, | ) ) | |
| | ) | |
|    Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Louella Rosana-Hayes, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Louella Rosana-Hayes ("Rosana-Hayes"), is a resident of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt owed for a Bank of America account, despite the fact that she had exercised her right to be represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, Sunrise Credit Services, Inc. ("Sunrise"), is a New York corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Sunrise operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Sunrise was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Sunrise is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A. In fact, Sunrise conducts extensive and substantial business in Illinois.

6. Defendant Sunrise is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Sunrise acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Rosana-Hayes fell behind on paying her bills, including a debt she owed for a Bank of America account. Defendant Sunrise thereafter began trying to collect this debt from Ms. Rosana-Hayes by sending her collection letters dated July 11, 2014 and August 18, 2014. This caused Ms. Rosana-Hayes to seek the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding her financial difficulties and Defendant's collection actions. A copy of these collection letters are attached as Group Exhibit C.

8. Accordingly, via a letter dated August 29, 2014, one of Ms. Rosana-Hayes's attorneys at LACD informed Defendant, in writing, that Ms. Rosana-Hayes was represented by counsel, and directed Sunrise to cease contacting her, and to direct all further collection activities to her attorneys at LACD, because Ms. Rosana-Hayes was forced, by her financial circumstances, to try and negotiate a payment plan as to her unsecured debt. A copy of this letter and fax confirmation is attached as Exhibit D.

9. Thereafter, during the months of September and October, 2014, from their offices in Chicago, Illinois, Ms. Rosana-Hayes's attorneys at LACD sent Defendant Sunrise monthly payments, which payments were accepted by Defendant.

10. Nonetheless, Defendant communicated directly with Ms. Rosana-Hayes, via a letter dated November 12, 2014, regarding payment of the Bank of America debt. A copy of this collection letter is attached as Exhibit E.

11. Defendant's collection actions complained of herein (Exhibit E) occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications.  See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Ms. Rosana-Hayes's attorney/agent, LACD, told Defendant to cease communications with Ms. Rosana-Hayes (Exhibit D). By continuing to communicate via a letter (Exhibit E) regarding the debt and demanding payment from Ms. Rosana-Hayes, Defendant Sunrise violated § 1692c(c) of the FDCPA.

16. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant Sunrise knew that Ms. Rosana-Hayes was represented by counsel in connection with her debts because her attorneys at LACD had informed Defendant Sunrise, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant to cease directly communicating with her. By directly sending Ms. Rosana-Hayes a collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Sunrise violated § 1692c(a)(2) of the FDCPA.

20. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. §1692k.

4

## PRAYER FOR RELIEF

Plaintiff, Louella Rosana-Hayes, prays that this Court:

1. Find that Defendant Sunrise's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Ms. Rosana-Hayes and against Defendant Sunrise, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Louella Rosana-Hayes, demands trial by jury.

                                            Louella Rosana-Hayes,

                                            By: /s/ David J. Philipps
                                            One of Plaintiff's Attorneys

Dated: December 12, 2014

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com